IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNIVERSAL KIDS, LLC, A Texas Limited Liability Company d/b/a The Beauty Boothe, <br><br> Plaintiff, <br><br> v. <br><br> BEAUTY BOOTHE, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No.: <br><br> **JURY TRIAL DEMANDED** |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 09 2023 ★
BROOKLYN OFFICE

CV 23-1063

GONZALEZ, J.
SCANLON, M.J.

## COMPLAINT

Comes now Universal Kids, LLC d/b/a The Beauty Boothe ("Plaintiff") and for its Complaint against Beauty Boothe, LLC ("Defendant"), states:

### THE PARTIES

1. Plaintiff is incorporated under the laws of the State of Texas, is registered as doing business as The Beauty Boothe, and has its principal place of business in the State of Texas.

2. Defendant is incorporated under the laws of the State of New York, and has its principal place of business in the State of New York.

### JURISDICTION AND VENUE

3. The Court has original subject matter jurisdiction over federal Lanham Act claims pursuant to Section 39 of the Act (15 U.S.C.A. § 1121) and pursuant to 28 U.S.C.A. § 1338(a).

4. The Court has personal jurisdiction over the Defendant because the Defendant's principal place of business is within the state.

1

5. Venue is proper in this district because Defendant's principal place of business is in Bronx, New York. Additionally, the Defendant committed acts within this district that give rise to this action.

## FACTS COMMON TO ALL CLAIMS

6. Plaintiff is the lawful owner of U.S. Registration Number 88,437,987, that trademark being THE BEAUTY BOOTHE ("Boothe Trademark"), registered for cosmetics and hair extensions. Plaintiff has also consistently used the mark for additional related services.

7. For over 4 years, and at least since November 9, 2018, Plaintiff has developed a number of proprietary products and has continuously maintained exclusive rights of the Boothe Trademark. Plaintiff currently offers its products and services online through its website, thebeatuyboothe.com, in person in Austin, Texas, and on location as requested.

8. Plaintiff has partnered with Walmart and Boothe's Home Essentials to market and sell its products within Austin, Texas and across the country.

9. Plaintiff has invested over One Hundred Thousand Dollars ($100,000.00) in promoting its goods and services associated with its Boothe Trademark throughout Texas and the United States. The Beauty Boothe has used its Trademark in its name as well as on its products, website and packaging and has become known by its Trademark.

10. The Boothe Trademark and the goodwill associated with it have become valuable assets to Plaintiff.

11. In addition to the trademark registration, Plaintiff owns the domain, thebeuatyboothe.com, as well as social media handles that include @thebeautyboothe on Instagram and TikTok, https://www.facebook.com/TheBeautyBoothe on Facebook, and https://www.youtube.com/@thebeautyboothe7551 on YouTube.

12. Upon information and belief, the Defendant has infringed upon and has used the Boothe Trademark without express authorization from Plaintiff. Specifically, Defendant has registered its business as Beauty Boothe, LLC, advertised under the name Beauty Boothe, used the name on its products, website and social media accounts and has otherwise presented its goods and services to the public under the same. Upon further information and belief, and as of the date of the filing of this Complaint, the Defendant still infringes upon and uses the Boothe Trademark without express authorization.

13. Upon information and belief, the Defendant has used the Boothe Trademark in connection with its products and services in a manner that creates a likelihood of confusion. Specifically, Defendant has advertised for and intends to continue to offer cosmetics confusingly under essentially the same trademark, Beauty Boothe. Further, under information and belief, Defendant does business online and in the State of New York, as does Plaintiff. Upon information and belief, there is a high likelihood that the continued use and promotion by the Defendant of the Boothe Trademark will cause additional confusion in the marketplace as to the source of the goods and services sold by Plaintiff and Defendant. The overlap in services, products and/or categories and the confusingly similar names and marks is likely to cause the public confusion.

14. On multiple occasions, Plaintiff has been questioned by the public about the source and location of its products and services due to the confusion caused by Defendant's use of its name, which is identical to Plaintiff's trademark. Specifically, members of the public have sought clarification as to which site is Plaintiff's, where to find Plaintiff's products and how many Facebook Pages Plaintiff owns due to confusion in the marketplace caused by Defendant's use of the Boothe Mark.

15. On or about November 17, 2022, Plaintiff, through counsel, contacted Defendant about its use of the Boothe Mark.

16. On or about December 11, 2022, Plaintiff received a letter from Defendant wherein Defendant agreed to cease use of the Boothe Mark in relation to her goods and services.

17. As of the filing of this Complaint, Defendant still maintains the name Beauty Boothe, LLC and still has active social media accounts and a website using the Boothe Mark in relation to its goods and services.

## CLAIM ONE
## INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK
## (15 U.S.C.A. § 1114(1)(a))

18. Plaintiff realleges the allegations of Paragraphs 1 through 16 of this Complaint as if fully set forth herein.

19. As described in this Complaint, the Defendant has infringed upon Plaintiff's registered trademark in commerce by various acts, including, without limitation, the adoption of the mark and the sale of products and services in connection with the infringing mark.

20. Defendant's adoption and use of the infringing mark is without permission or authority from Plaintiff and has caused and is likely to continue to cause confusion, mistake and/or is intended to deceive those in the relevant market.

21. The Defendant has adopted and used or intends to use the infringing marks in connection with cosmetics with constructive notice of the Plaintiff's registration under 15 U.S.C. § 1072.

22. The Defendant has continued to use the infringing mark in connection with cosmetics with constructive and actual notice of the Plaintiff's registration.

23. By engaging in the complained-of conduct, Defendant used in commerce, without the consent of Plaintiff, a reproduction, counterfeit, copy or colorable imitation of the registered trademark and/or reproduced, counterfeited, copied or colorably imitated the registered trademark or applied a reproduction, counterfeit, copy, or colored imitation of the registered trademark to its website, social media, and as a registered name with the Secretary of State of New York in violation of 15 U.S.C. §1114.

24. Upon information and belief, by its acts, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

25. Upon information and belief, Defendant intends to continue its infringing acts, and will continue to willfully infringe the Plaintiff's Registered Trademark, unless restrained by this Court.

26. The Defendant's actions have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

## CLAIM TWO

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)

27. Plaintiff realleges the allegations of Paragraphs 1 through 25 of this Complaint and fully incorporates them by reference herein.

28. As described in this Complaint, the Defendant's adoption and use of the infringing Mark on its products, domain, business name and social media handles constitutes false designation of origin and/or false and misleading description of its legal services and is likely to cause confusion, mistake and/or to deceive as to the affiliation, connection or association of Plaintiff as to is origin, sponsorship or approval of the services and products of Plaintiff in violation of 15 U.S.C. 1125(a).

29. Upon information and belief, by its acts, Defendant has made and will make substantial profits and gains to which it is not in law or equity entitled.

30. Upon information and belief, Defendant intends to continue its willfully infringing acts unless restrained by this Court.

31. The Defendant's infringing activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff, its business, reputation and goodwill because Plaintiff has no adequate remedy at law.

## CLAIM THREE

### False Advertising (15 U.S.C.A. §§1125(a)(1)(B))

32. Through its public website and documents that Defendant sent to third parties, Defendant made statements to the general public, and consumers, that contained false, misleading, and/or deceptive statements about the nature, characteristics, qualities, and/or geographic origin of the products that Defendant allegedly has available for sale, which constitute commercial advertising and/or commercial promotion.

33. Defendant's acts and conduct complained of in this Complaint constitute false advertising in violation of 15 U.S.C.A. § 1125(a)(l)(B).

34. Plaintiff has suffered, and will continue to suffer, irreparable harm from Defendant's misconduct complained of in this Complaint, unless enjoined by the Court.

35. Plaintiff has been damaged by the acts of Defendant in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. Finding that Defendant has violated Section 32 of the Lanham Act (15 U.S.C.A. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C.A. § 1125(a)).

2. Granting an injunction preliminarily and permanently restraining and enjoining Defendant, its officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from:

(a) manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale or selling any products which bear the Infringing Mark, the Plaintiff's Trademarks, or any other mark substantially or confusingly similar thereto, and engaging in any other activity constituting an infringement of any of Plaintiff's rights in the Beauty Boothe Trademark, or any other trademark owned by Plaintiff;

(b) engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive the public and/or the trade; and

(c) engaging in any activity that will cause the distinctiveness of the Plaintiff Trademarks to be diluted.

3. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale or sold by Defendant, has been authorized by Plaintiff, or is related to or associated in any way with Plaintiff or its products.

4. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts and directing that such profits be trebled in accordance with Section 35 of the Lanham Act (15 U.S.C.A. § 1117).

5. At its election, awarding Plaintiff statutory damages in accordance with Section 35 of the Lanham Act (15 U.S.C.A. § 1117).

6. Awarding Plaintiff its actual damages in accordance with Section 35 of the Lanham Act (15 U.S.C.A. § 1117).

7. Awarding Plaintiff its costs and attorney's fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act (15 U.S.C.A. § 1117).

8. Requiring Defendant to deliver to Plaintiff for destruction or other disposition all remaining inventory of all products bearing the Infringing Mark, including all advertising, promotional and marketing materials therefor, as well as all means of making same.

9. Requiring Defendant to remove from the Web site at domain name beautybooth.com and theglamboothe.com all advertising, promotional, and marketing materials and information bearing or incorporating the Infringing Mark, as well as assign the domain name beautyboothe.com to Plaintiff.

10. Requiring Defendant to remove from all social media channels all advertising, promotional, and marketing material bearing or incorporating the Infringing Mark, as well as assign the @beautybooth handles to Plaintiff.

11. Awarding Plaintiff prejudgment interest on any monetary award made part of the judgment against Defendant.

12. Awarding Plaintiff such additional and further relief as the Court deems just and proper.

Dated: January 31, 2023                KATIE CHARLESTON LAW, PC

                                       By: /s/ Katie M. Charleston
                                       Katie M. Charleston
                                       275 Medical Drive # 4226
                                       Carmel, IN 46082
                                       Ph: (317) 663-9190
                                       Fax: (317) 279-6258